# United States District Court
# District of Massachusetts

JACQUELINE SNAZA,
WAYNE SNAZA, ETC.,
    Plaintiffs,

v.                                   CIVIL ACTION NO. 2009-10017-PBS

STUDENTCITY.COM, INC.,
HOWARD JOHNSON INTERNATIONAL, INC.,
HOWARD JOHNSON FRANCHISE SYSTEMS, INC.,
    Defendants.

## CONFIDENTIALITY ORDER

COLLINGS, U.S.M.J.

    The within Confidentiality Order shall be applicable to all material ordered disclosed pursuant to the Court's June 29th Electronic Order on Motion #160 and the Court's September 29th Electronic Order on Motion #224 (hereinafter, "the ordered discovery").

    It is hereby ORDERED pursuant to Fed. R. Civ. P. 26(c) as follows:

1.   Any party may designate as subject to this order any documents within the category denoted "ordered discovery" or deposition testimony regarding the "ordered discovery" produced by defendant Howard Johnson

International, Inc. ("HJI") in connection with this litigation. "Documents" for purposes of this order, shall include hard copy documents and also electronically stored information.

2. The designation described in ¶ 1 may be made, with respect to documents, by prominently marking the documents at the time they are produced in any manner that clearly indicates they are intended to be subject to this order, such as stamping or labeling them "confidential," or "subject to confidentiality order," or words to similar effect. If documents are produced in electronic form on a disk, the designation may also be made by marking the disk at the time it is produced in the manner described in this paragraph. If documents are films or videotapes, the designation may be made by imprinting an appropriate legend on the film or videotape itself or by placing a label or stamp on the case of the film or videotape at the time it is produced. The designation described in ¶ 1 may be made with respect to deposition testimony by stating on the record at the time of the deposition that the testimony is subject to this order or by other substantially equivalent on-the-record statements or, alternatively, by" means of a written designation, by page and line of testimony, sent to counsel for all parties within 7 calendar days after the transcript of the

deposition is delivered to counsel for the party making the designation.

3. Documents and testimony designated confidential pursuant to ¶¶ 1 and 2 may be used (except by the designating party itself) only for purposes of prosecution or defense of this action. No other use of such documents or testimony shall be made (except by the designating party itself).

4. Documents and testimony designated confidential pursuant to ¶¶ I and 2 may be disclosed (except by the designating party itself) only for purposes of prosecution or defense of this action. No other disclosure of such documents or testimony shall be made (except by the designating party itself).

5. No disclosure permitted by ¶ 4 shall be made until the person to whom the documents or testimony will be disclosed has read this order and has agreed to comply with all of its provisions. Provided, however, that this paragraph does not apply to disclosures that are made in open court at trial or during the course of any hearing in the action, or to disclosures otherwise made to court clerks or other court or administrative personnel in connection with the action, or to disclosures made during depositions taken in the action to the person who is being deposed.

6. No disclosure permitted by ¶ 4 shall be made to any expert or consultant

retained by or for any party (except by the designating party itself) until the expert or consultant has signed and dated an Acknowledgment Sheet in substantially the form attached hereto. The original signed Acknowledgment Sheet shall be retained during the pendency of the action (including any appeals and retrials) by counsel who makes the disclosure to such expert or consultant, but need not be provided to counsel for other parties during the pendency of the action (including any appeals and retrials) except in accordance with such further orders as may be entered for good cause shown. Promptly upon final disposition of the action (including final disposition of any appeals and retrials), however, copies or the original of the signed Acknowledgment Sheet shall be provided to counsel for all parties upon request being made for it.

7. If a party intends to file with the clerk (except in open court at the trial or during any hearing in this action) any document or testimony that is subject to the protection of this order, that party shall so notify counsel for the other parties in writing, request their assent to a motion for impoundment, and shall file a timely motion for impoundment pursuant to Local Rule 7.2. No party that has not previously delivered the writing described in ¶ 8(a) of this order with respect to the document or testimony

at issue shall withhold its prompt assent to such motion.

8. If a party believes in good faith that a document or piece of testimony designated by another pursuant to ¶¶ 1 or 2 should not be subject to the protection provided for it by this order, the following procedure shall be followed:

(a) The party disputing the designation shall identify to the designating party, in writing, the specific documents or testimony as to which the designation is disputed. The disputing party shall state concisely in its writing its basis for disputing the designation.

(b) Counsel for the designating party and the disputing party shall thereafter confer, in person or by telephone, in a good faith effort to narrow or resolve their differences. Such conference shall occur within 10 business days after receipt by counsel for the designating party of the writing described in ¶ 8(a) unless the disputing and designating parties agree in writing to a different time period.

(c) To the extent the designating and disputing parties are unable to resolve their differences as a result of compliance with ¶¶ 8(a) and (b), the disputing party may bring a motion in accordance with Local Rule 7.1 (B) to remove the documents or testimony subject to continuing dispute from

the scope of this. In connection with any such motion, the burden shall be on the designating party to make a particularized showing of good cause for maintaining the protection of this order with respect to the documents or testimony that is subject to the motion.

(d) Documents or testimony as to which the designation has been disputed shall retain the protection of this order until such time as the designating party (i) agrees in writing that they are no longer subject to this order, or (ii) an order is entered by this court removing them from the scope of this order, and (iii) no Fed. R. Civ. P. 72(a) objection to such order, motion for reconsideration of such order, or interlocutory appeal of such order is filed within 10 days after service of the order removing them from the scope of this order, and (iv) no motion to stay the effect of such order is filed within 5 days after service of the order. In the event an objection, motion for reconsideration, interlocutory appeal, or motion to stay is filed, the documents or testimony to which it applies shall remain subject to the protection off this order until such objection, motion for reconsideration, interlocutory appeal, or motion to stay has been denied or until further order of this court.

9. Any party which has received documents that are subject to this order

shall return them, including all images and copies of them, to the party that produced them promptly upon receiving a request for them after final disposition of the action (including final disposition of any appeals and retrials). All parties shall, promptly upon final disposition of this action (including final disposition of any appeals and retrials) destroy all deposition testimony in their possession (and in the possession of their attorneys, representatives, agents, experts, and consultants) that is subject to this order, provided, however, that the parties' attorneys may at their option retain such deposition testimony so long as it is permanently handled in accordance, as appropriate, with ¶¶ 3 and 4. The parties and their attorneys may retain summaries of information contained in documents or testimony subject to this order that were prepared by or for their attorneys during the course of the action so long as such summaries are permanently handled, as appropriate, in accordance with ¶¶ 3 and 4. In the alternative, such summaries may be destroyed. All such summaries in the possession of consultants or experts of the parties shall be destroyed promptly upon final disposition of this action (including any appeals and retrials) or returned to the attorney who retained the expert or consultant with possession of them.

10. For purposes of ¶¶ 1 through 9 of this order, "documents" and "testimony" include not only the original documents or record of the testimony but also all copies and images of them, all summaries and substantially verbatim accounts of their contents, and all information in them.

11. Any provision of this order except for the provisions of ¶¶ 7 and 8 (b) may be waived without further action of the court by a writing signed by counsel of record for all parties. Nothing in this order shall be to the prejudice of any party's right to move at any time, upon proper written notice to all other parties, to amend the order upon a showing of a good cause for doing so.

12. Nothing in this order shall be construed to limit the discretion of the trial judge or the judicial officer presiding over any hearing at which assertedly confidential documents or testimony is offered to enter such orders as he or she deems appropriate to protect the confidentiality of such documents or testimony.

SO ORDERED.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

October 4, 2010.

## *ACKNOWLEDGEMENT SHEET*

I hereby acknowledge that I have read the Confidentiality Order entered in Jacqueline Snaza and Wayne Snaza Individually and Wayne Snaza. as Representative of the Estate of Duane Snaza. Deceased v. StudentCity.com. Howard Johnson International Inc. and Howard Johnson Franchise Systems. Inc., United States District Court for the District of Massachusetts Civil Action No. I:09-cv-l0017, that I agree to be bound by it and to comply with it in all respects, and that I agree to be subject to the personal jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the order.

NAME _____ (HANDPRINTED OR TYPEWRITTEN)

ADDRESS _____

DATE _____

SIGNATURE _____